**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted:  May 5, 2021
Date Decided:  May 19, 2021

Catherine G. Dearlove, Esq.
Kevin M. Gallagher, Esq.
Matthew W. Murphy, Esq.
RICHARDS, LAYTON
& FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

John W. Shaw, Esq.
Karen E. Keller, Esq.
Nathan R. Hoeschen, Esq.
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, DE 19801

RE:  *NB Alternatives Advisers LLC, et al., v. VAT Master Corp., et al.*, C.A. No. 2020-0930-SG

Dear Counsel:

In my Letter Opinion dated April 22, 2021, I addressed the merits of the Plaintiffs' request to enjoin the Defendants from litigation in Wisconsin on the basis of a mandatory Delaware venue provision.[1]  In that letter, I denied the Plaintiffs' request on all counts of the Wisconsin complaint except for Count IV; that count, I noted, "alleges breach of a term of a settlement agreement ("2013 Settlement

---

[1] 2021 WL 1578245 (Del. Ch. Apr. 22, 2021) [hereinafter "April 22 Letter Opinion"].  I refer interested readers to that opinion for a background of the merits of this case; defined terms have the same meaning as in that opinion.  And, as in the April 22 Letter Opinion, the facts are drawn from exhibits jointly submitted for the permanent injunction hearing, held on April 7, 2021, and will be referred by their exhibit number as "JX __".

Agreement") among several of the parties here . . . ."[2] Accordingly, I requested the parties inform me whether, in light of my April 22 Letter Opinion, Count IV needed to be resolved or whether the Defendants would bring the entirety of their suit in Delaware, thus mooting the issue.

On May 3, 2021, the parties responded, requesting decision on Count IV and on the Plaintiffs' request for attorneys' fees. I resolve both those issues in this Letter Opinion.

**Count IV**

The Settlement Agreement contains a Wisconsin forum selection clause that provides that it "shall be governed by the laws of Wisconsin and any litigation necessary to enforce any of the provisions of this agreement shall be venued [*sic*] in the Circuit Court of the State of Wisconsin, in Madison, Dane County, Wisconsin."[3] At first glance, then, it appears clear that Count IV must be brought in Wisconsin. The Plaintiffs argue otherwise, however, noting that the "Defendants do not actually plead a breach of the Settlement Agreement . . . [their] claim falls squarely within the scope of the" Operating Agreement's[4] forum selection clause,[5] which I found governs the remaining Wisconsin counts. According to the Plaintiffs, the agreement

---

[2] *Id.* at *1; JX 1 ¶¶ 101–05.
[3] JX 4 § 15.
[4] As mentioned, defined terms have the same meaning as used in the April 22 Letter Opinion.
[5] Pls.' Opening Br. in Supp. of their Application for Permanent Injunctive Relief and Attorneys' Fees 28, Dkt. No 39 [hereinafter "Merits OB"].

that "relates to [the] particular dispute" is the Operating Agreement—and not the Settlement Agreement, despite Count IV alleging breach of the latter.[6]

To support their argument, the Plaintiffs argue that the "Defendants cannot demonstrate that the Wisconsin Action is *necessary to enforce* the Settlement Agreement" because the Settlement Agreement's purpose was to *amend* the Operating Agreement to include governance changes, not to enact the governance changes themselves.[7]  At bottom, the Plaintiffs' argument is that Count IV does not state a claim separate from the other counts of the Wisconsin complaint.  That may or may not be so—but that determination is best left to the Wisconsin court on a motion to dismiss.  My role here is solely to determine whether the claims raised in Count IV "are assertable" absent the Operating Agreement in which the Delaware forum selection clause appears.[8]

In *Parfi Holding AB v. Mirror Image Internet, Inc.*, the Delaware Supreme Court determined that whether an arbitration clause[9] in an underwriting agreement

---

[6] Merits OB 32.

[7] Merits OB 31 (emphasis in the original) (citing *Parfi Holding AB v. Mirror Image Internet, Inc.*, 817 A.2d 149, 157–58 (Del. 2002)).

[8] *Parfi*, 817 A.2d at 157.  The Plaintiffs also cite to *3850 & 3860 Colonial Blvd., LLC v. Griffin*, 2015 WL 894928 (Del. Ch. Feb. 26, 2015), for the proposition that I ought to rely on the agreement that the claims in Count IV "relate to."  *Griffin*, 2015 WL 894928, at *5.  Even under that standard, however, Count IV relates to the Settlement Agreement, stating a breach of that Agreement.  It may be true that, as the Plaintiffs assert, Count IV is a "sham" allegation in an attempt to invoke Wisconsin venue.  That, in my view, should be determined by a Wisconsin court.

[9] Forum selection clauses and arbitration clauses are analogous in that "[a]n arbitration clause is a specialized type of forum selection clause." *In re Good Tech. Corp. S'holder Litig.*, 2017 WL 4857341, at *2 (Del. Ch. Oct. 27, 2017); *Nat'l Indus. Grp. (Holding) v. Carlyle Inv. Mgmt. L.L.C.*, 67 A.3d 373, 380 (Del. 2013).

3

applied to fiduciary claims "must turn on the issue of whether the fiduciary duty claims would be assertable had there been no Underwriting Agreement."[10]  Because the Plaintiffs argue that the Delaware forum selection clause should apply to Count IV, the question is whether Count IV would be assertable absent the Operating Agreement in which the Delaware forum selection clause is found.  The answer to that inquiry is, on the face of the Wisconsin complaint, yes.  Count IV of the Wisconsin complaint asserts that "[t]he 2013 Settlement Agreement restated the 2011 Operating Agreement's requirement that transactions involving Almanac necessitate a unanimous vote of all Board members. . . . Defendants breached the 2013 Settlement Agreement . . . by purporting to take action on behalf of the Company . . . with only two Board members present."[11]  Those allegations purport[12] to state a claim arising under the Settlement Agreement—independent of claims arising out of the Operating Agreement.  Accordingly, the Settlement Agreement's forum selection provision—and not that of the Operating Agreement—governs.

**Attorneys' Fees**

The Plaintiffs seek to recover fees associated with enforcing their rights under the Operating Agreement's Delaware forum selection clause.  Those fees would

---

[10] *Id.*

[11] JX 1 ¶¶ 102–103.

[12] Whether they do, in fact, state a claim is not before me; that is a substantive matter reserved for the court chosen by the applicable forum selection clause—*i.e.*, the Wisconsin court. *See Blackmon v. O3 Insight, Inc.*, 2021 WL 868559, at *2 (Del. Ch. Mar. 9, 2021) (declining to address underlying issue that the parties reserved for an arbitrator's decision).

include fees incurred defending in Wisconsin, and costs and fees associated with this injunctive matter.

Section 11.12 of the Operating Agreement provides that:

> In the case of any action or proceeding to compel compliance with, or for a breach of, any of the terms and conditions of this Agreement, the prevailing party . . . upon the issuance of a final non-appealable judgment . . . shall be entitled to recover from the non-prevailing party . . . all costs of such action or proceeding, including reasonable attorneys' fees, costs and disbursements.[13]

Under the unambiguous language of Section 11.12, the fees question is not, and cannot, be ripe in this action. The fee request is denied without prejudice. Should the Plaintiffs believe they are entitled to fees after "a final non-appealable judgment" in this case, they may seek contractually-provided fees in an appropriate court.[14]

For the foregoing reasons, I deny the Plaintiffs' request to enjoin litigation in Wisconsin on Count IV of the Wisconsin complaint and deny the Plaintiffs' request for fees. The parties should submit a form of order consistent with this opinion.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

cc: All counsel of record (by *File & ServeXpress*)

---

[13] JX 2 § 11.12.

[14] I also do not find an exception to the American Rule that each party bears its own fees. *See Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, 2020 WL 7861336, at *2 (Del. Ch. Dec. 31, 2020).